UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANEE' M. HARRIS BEY, et al.,

    Plaintiffs,

v.

T- MOBILE USA, INC., et al.,

    Defendants.

Case No. 25-cv-10849

Honorable Robert J. White

**OPINION AND ORDER GRANTING PLAINTIFFS' APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**

Shanee' M. Harris Bey and two affiliated religious institutions ("Bey" collectively) commenced this action against T-Mobile USA, Inc. and three of its executives ("T-Mobile" collectively). Before the Court is Bey's *pro se* application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

    (i) is frivolous or malicious;

>(ii) fails to state a claim on which relief may be granted; or
>(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory," "clearly baseless" facts, "a legal interest which clearly does not exist," or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

Bey alleges that T-Mobile violated three federal statutes – 12 U.S.C. § 411 and 18 U.S.C. §§ 1341, 1343. None of them, however, authorize a private cause of action. *See In re Rice*, No. 22-50605, 2022 U.S. Dist. LEXIS 46245, at *5-6 (E.D. Mich. Mar. 15, 2022) (no private right of action under 12 U.S.C. § 411); *see also Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997) (holding that 18 U.S.C. §§ 1341 and 1343 "do not give rise to private causes of action."). Insofar as 12 U.S.C. § 411 creates a private right, it may only be asserted against "the Treasury Department and Federal Reserve banks" – not a non-governmental corporation like T-Mobile. *Kennedy v. United States*, 138 Fed. Cl. 611, 619 (2018).

Next, Bey's Uniform Commercial Code and religious discrimination claims lack merit. The complaint fails to plausibly allege how Bey could obtain a legitimate UCC Article 9 security interest in T-Mobile's "obligations, including financial accounts and transactions." (ECF No. 1, PageID.4). And Bey neglects to explain how the termination of her mobile phone service for lack of payment "substantially burdened" her religious liberties. (*Id.*).

Lastly, Bey's assertion that T-Mobile breached her service contract by "fail[ing] to honor its contractual obligations, misapply[ing] payments, and engag[ing] in deceptive financial practices" is too conclusory to sustain a cause of action for "breach of contract & fraudulent practices." (ECF No. 1, PageID.4). *See* Fed. R. Civ. P. 8(a); *Kassem v. Ocwen Loan Servicing, LLC*, No. 14-11143, 2015 U.S. Dist. LEXIS 124883, at *27 (E.D. Mich. Sep. 18, 2015) (holding that allegations about "misapplying payments and credits" were too conclusory to state a plausible claim for relief). Accordingly,

IT IS ORDERED that Bey's application for leave to proceed *in forma pauperis* (ECF No. 2) is granted. The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint (ECF No. 1) is dismissed.

3

IT IS FURTHER ORDERED that Bey's emergency motion for expedited relief and a temporary injunction (ECF No. 3) is denied as moot.

IT IS FURTHER ORDERED that Bey may not file an appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: March 31, 2025                    s/Robert J. White
                                                               Robert J. White
                                                               United States District Judge