UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHANEE' M. HARRIS BEY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> T-MOBILE USA, INC., et al., <br><br> Defendants. | Case No. 25-cv-10849 <br><br> Honorable Robert J. White |

**ORDER DENYING PLAINTIFFS' MOTIONS (1) FOR LEAVE TO AMEND THE COMPLAINT AND (2) FOR EXPEDITED RELIEF AND A TEMPORARY INJUNCTION**

Before the Court are *pro se* Plaintiffs' motions (1) for leave to amend the complaint and (2) for expedited relief and a temporary injunction. (ECF Nos. 8, 10). For the following reasons, the Court denies both motions.

The Court previously granted Plaintiffs' application for leave to proceed *in forma pauperis* and dismissed Plaintiffs' complaint for failure to state a claim. (ECF No. 6). The Court entered a judgment dismissing Plaintiffs' federal statutory claims with prejudice and dismissing the remaining claims without prejudice. (ECF No. 7).

"A party seeking leave to amend after an adverse judgment faces a heavier burden than for a . . . leave to amend motion prior to a final ruling." *Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017). "If a permissive

amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then 'reopen the case by amending their complaint to take account of the court's decision.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010) (quoting *James v. Watt*, 716 F.2d 71, 78 (1st Cir. 1983)).  Accordingly, such a motion must satisfy the requirement of Fed. R. Civ. P. 59(e) that there must be "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Mich. Flyer LLC*, 860 F.3d at 431.

      Here, Plaintiffs do not argue that any of these conditions existed, and they instead merely seek to clarify and "properly articulate the claims of breach of contract, trust interference, and religious burden, with supporting exhibits." (ECF No. 8).  This is insufficient to convince the Court that amendment is warranted. *See Reese v. Ohio Dep't of Rehab. & Corr.*, No. 17-3380, 2018 U.S. App. LEXIS 16926, *5-6 (6th Cir. Jun. 21, 2018) (concluding that similar justifications did not warrant reversing a district court decision to deny post-judgment leave to amend).  Plaintiffs' motion for leave to amend the complaint is therefore denied, and Plaintiffs' emergency motion for expedited relief and a temporary injunction is denied as moot.

* * *

      For the reasons given, the Court ORDERS that the Plaintiffs' motion for leave to amend the complaint (ECF No. 8) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' motion for expedited relief and a temporary injunction (ECF No. 12) is DENIED.

IT IS FURTHER ORDERED that Plaintiff may not file an appeal *in forma pauperis* because it would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

Dated: May 16, 2025                              s/Robert J. White
                                                                      Robert J. White
                                                                      United States District Judge